UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARIANNE SOTO, ARLEENE MULERO, ESTHER ALVAREZ, LILLIAM CANALES, MARIA VIERA<br><br>**Plaintiffs**<br><br>v.<br><br>VMLY&R<br><br>**Defendant.** | CIVIL NO.<br><br><br>EMPLOYMENT DISCRIMINATION TITLE VII, AGE DISCRIMINATION IN EMPLOYMENT ACT<br><br>SUPPLEMENTAL JURISDICTION LAWS 100, 69 and 80<br><br>**JURY TRIAL IS DEMANDED** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** Plaintiffs **ARIANNE SOTO, ARLEENE MULERO, ESTHER ALVAREZ, LILLIAM CANALES, MARIA VIERA,** through the undersigned attorney and most respectfully Sets Forth and Prays:

**I. INTRODUCTION**

In 2018, Young & Rubicam, a long-standing advertising agency in Puerto Rico, became part of the international advertising agency, VMLY&R. By December 2018, VMLY&R had dismissed, under the guise of "retirement," each of the three well known, highly reputed and successful members of the top management group. Each of the top managers dismissed were fifty (50) years of age or older.

Within six (6) months of VMLY&R's dismissal of the three top managers over the age of fifty (50), defendant dismissed the plaintiffs in this case. All five (5) plaintiffs are females over fifty (50) years of age that worked for the defendant advertising agency VML&R, originally known

1

as Young & Rubicam, for at least the prior ten years before being summarily dismissed from employment on June 13 and 14, 2019, without previous notice or causal nexus to their employment performance. No male employee under the age of forty (40) was dismissed. This litigation ensued.

## II. NATURE OF ACTION

1. This is a civil action seeking money damages and injunctive relief brought by **ARIANNE SOTO, ARLEENE MULERO, ESTHER ALVAREZ, LILLIAM CANALES, and MARIA VIERA** to remedy the deprivation of rights secured under the laws of the United States. Plaintiffs were subjected to a pattern of disparate treatment discrimination, illegal personnel actions, illegal discharge based on their protected status women over the protected age of forty (40).

2. This is a sex-plus discrimination Complaint cognizant under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §2000 et seq. and the Age Discrimination in Employment Act, 29 U.S.C. §621, et. seq. and the analogous laws of Puerto Rico: Law 100, Law 69 and Law 80.

3. Plaintiffs timely initiated the EEO process denouncing the illegal discharge and discriminatory treatment and on October 7, 2020, the EEO issued the Right to Sue letter received by the plaintiffs several days afterwards.

4. This judicial Complaint is filed within the 90 days statutory provisions.

5. All conditions precedent have been complied with.

## III.  JURISDICTION

6. This action is brought pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq.* (Title VII) and the Age Discrimination in Employment Act [ADEA], 29 U.S.C. §621 et.seq.

7. Federal Question jurisdiction is invoked pursuant to 28 U.S.C. §1331. Supplemental Jurisdiction is invoked pursuant to 28 U.S.C. §1367.

2

8. This is the proper venue to bring this Complaint as the actions and omissions that give rise to this claim occurred in this judicial district.

## IV. PARTIES

9. Plaintiffs **ARIANNE SOTO, ARLEENE MULERO, ESTHER ALVAREZ, LILLIAM CANALES, and MARIA VIERA** are females over the age of fifty (50), who had been employed initially by the advertising agency Young & Rubicam, later VMLY&R, for at least ten (10) years before they were summarily dismissed in June 2019. Plaintiffs are "employees" under all of the federal and Puerto Rico statutes upon which they base their request for relief.

10. The Defendant, **VMLY&R** is a for profit corporation duly registered to do business in the Commonwealth of Puerto Rico as an advertising agency, and all times relevant to this Complaint, was a "person" and plaintiffs' employer within the meaning of 29 U.S.C. 630 (a) and (b), Laws 100, 69 and 80 of Puerto Rico.

## V. FACTS

11. **Arianne Soto** worked for Young & Rubicam, later VMLY&R, for two weeks short of thirty-five (35) years before she was summarily dismissed on June 13, 2019. At all times relevant to this Complaint, Ms. Soto complied with the employer's performance expectations.

12. Ms. Soto performed the duties of a "Broadcast Director," duties that are essential and continue to be essential in the advertising industry in general, and at defendant's business in specific.

13. After the defendant dismissed Ms. Soto, her duties were reassigned to employees with less seniority, less experience and not within the protected class.

14. At the time of her dismissal, Ms. Soto's salary was $40,800.

15. Arleene Mulero worked for Young & Rubicam, later VMLY&R, for ten (10) years.

16. Ms. Mulero was the employee with the highest seniority in her department having held her position uninterruptedly for a decade.

17. Ms. Mulero's duties and responsibilities are essential and continue to be essential in the advertising industry in general, and at defendant's business in specific.

18. Ms. Mulero was summarily dismissed on June 13, 2019. At all times relevant to this Complaint, Ms. Mulero complied with the employer's performance expectations.

19. Ms. Mulero was responsible for participating in the development of successful advertising campaigns for clients such as MMM Healthcare, T-Mobile, El Vocero, Mazola, Mazda, Coalición de Cancer Colorectal de Puerto Rico, Island Finance, DirectTV, Coors Light, Hershey's, Bacardi and others.

20. Ms. Mulero obtained a Bachelor's Degree in Fine Arts with concentration in advertising design from Syracuse University in New York. The high quality of her work has been widely recognized within the advertising industry having received prestigious awards that include Cúspide, FIAP and the Cannes Lions Shortlist.

21. Ms. Mulero was assigned to work in defendant's "Creative Department."

22. At the time of her dismissal, the Creative Department had twelve (12) employees. The defendant only dismissed Ms. Mulero, leaving younger employees that had less seniority and less experience.

23. Even though the defendant's Creative Department holds the largest number of employees, the only employee that was fired was Ms. Mulero.

24. Ms. Mulero's salary at the time of her dismissal was $66,727.20.

25. **Esther Alvarez** was dismissed from her employment on June 13, 2019 at the age of fifty-seven (57) after thirteen (13) years of successful employment at Young & Rubicam, later

4

VMLY&R. At all times relevant to this Complaint, Ms. Alvarez complied with the employer's performance expectations.

26.     Ms. Alvarez worked as Graphic Designer for defendant, duties that are essential and continue to be essential in the advertising industry. Ms. Alvarez obtained a Bachelor's Degree in Arts with a concentration in advertising graphic design from the School of Fine Arts and Artistic Trades ("Escuela de Bellas Artes y Oficios Artísticos") in Madrid, Spain and the quality of her work was professionally recognized and was recipient of several Cúspide Awards (Certamen Publicitario de Puerto Rico) and ADDY (American Advertising Awards).

27.     Ms. Alvarez's duties that are essential and continue to be essential in the advertising industry in general, and at defendant's business in specific.

28.     Ms. Alvarez was responsible for participating in the development of successful advertising campaigns for clients such as Citibank, Heineken, Banco Santander, Colgate-Palmolive, Hershey's, MMM Healthcare, DirecTV, T-Mobile, and Coors Light, among others.

29.     After the defendant dismissed her, Ms. Alvarez's duties were reassigned to employees with less seniority, less experience and not within the protected class.

30.     Ms. Alvarez's salary at the time of her dismissal was $32,900.16.

31.     **Lilliam Canales** was dismissed from her employment on June 13, 2019 at the age of fifty-seven (58) after sixteen (16) years of successful employment at defendant's. At all times relevant to this Complaint, Ms. Canales complied with the employer's performance expectations.

32.     Ms. Canales worked as Director of the Traffic and Print Production Department for Young & Rubicam, later VMLY&R., duties that are essential and continue to be essential in the advertising industry.

33. Ms. Canales was responsible for participating in the development of successful advertising campaigns for clients such as CCS/Citibank, Bacardi, Mazda, Nissan, Texaco, Suncom, T-Mobile, MMM, DirecTV, Hershey's, Mazola, Campbell's Coors Light and CENSO 2020, among others.

34. Ms. Canales's duties that are essential and continue to be essential in the advertising industry in general, and at defendant's business in specific.

35. Ms. Canales obtained a Bachelor's Degree in Arts, with concentration in Political Science and Advertising from the University of Puerto Rico. Since 1984, Ms. Canales developed her professional career within the advertising industry.

36. After the defendant dismissed Ms. Canales, the defendant changed the name of the position and department to "Production Manager", but the tasks and duties remained the same. The defendant named as production managers three employees and reassigned Ms. Canales's duties to these employees that are younger than fifty years old and with less seniority and experience.

37. Ms. Canales's salary at the time of her dismissal was $47,857.92.

38. **Maria Viera** worked as an Administrative Assistant and Receptionist for Young & Rubicam, later VMLY&R, since 1992 until June 14, 2019 when she was summarily dismissed at the age of fifty-six (56). At all times relevant to this Complaint, Ms. Viera complied with the employer's performance expectations.

39. Upon Ms. Viera's dismissal, the defendant continued to employ as a Receptionist a female not within the protected age group, with less seniority and experience than Ms. Viera.

40. Ms. Viera's salary at the time of her dismissal was $ 21,330.

41. Defendant's proffered that economic reasons justified the illegal dismissal of the five female plaintiffs over the age of fifty (50).

42. Specifically, the defendant asserted that the reason that justified all five (5) plaintiffs' dismissals was the agency's loss of the T-Mobile account.

43. Defendant's asserted reason is but a pretext to masquerade its discriminatory intent.

44. Defendant's economic condition in 2019 was far from the required critical state as to legally sustain and justify the selective dismissal of these plaintiffs.

45. Defendant's asserted reason Age was not neutrally considered by the defendant in selecting the employees to dismiss.

46. None of the plaintiffs' worked exclusively on the T-Mobile Account.

47. While the defendant dismissed Ms. Mulero, for example, it retained five (5) younger employees - three (3) of which are males - directly assigned to the T-Mobile Account.

48. While the defendant dismissed the female plaintiffs within the legally protected group, it secured the employment for employees younger than 40 years of age, with less experience and seniority than the plaintiffs.

49. While the defendant dismissed female plaintiffs within the legally protected group asserting that their dismissal was due to defendant's loss of the T-Mobile account, it secured the employment of employees younger than 40 years of age with less experience and seniority than plaintiffs that were in fact assigned to work with the T-Mobile account.

50. For a time before the plaintiffs' dismissal, the defendant had initiated moves and transfers of employees that were 40 years of age or younger with the intention to ultimately masquerade plaintiffs' discriminatory dismissal.

51. At the time defendant illegally dismissed the five female plaintiffs within the legally protected group, 75% or more of the employees that remained under defendant's employment were younger than plaintiffs.

52. Given the advanced age of all five (5) plaintiffs at the time that the defendant decided to fire them, none have been able to secure employment despite all their good faith efforts.

7

53. Plaintiffs' security, livelihood, and capacity to take care of themselves and their families have been seriously undermined.

54. As a direct result of defendant's illegal and discriminatory dismissal, the plaintiffs have suffered and continue to suffer serious economic losses and emotional deterioration that have required the assistance of professional mental health services.

55. Defendant is liable for the economic and emotional damages suffered by each of the plaintiffs pursuant to Title VII of the Civil Rights Act, the Age Discrimination Act, the employment discrimination laws and the Puerto Rico law against unjust dismissal.

## VI. CAUSES OF ACTION

56. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

57. Defendant's actions and omissions constitute cognizable illegal discrimination based on gender under Title VII of the Civil Rights Act of 1964, as amended.

58. Defendant's actions and omissions constitute cognizable illegal discrimination based on Age under the Age Discrimination Act, as amended.

59. Defendant's actions and omissions constitute cognizable illegal discrimination based on gender under Laws 100 and 69 of Puerto Rico.

60. Defendant's actions and omissions constitute cognizable illegal discrimination based on Age under Law 100 of Puerto Rico.

61. Defendant's actions and omissions constitute cognizable illegal dismissal under Law 80 of Puerto Rico.

## VII. RELIEF

62. **Arianne Soto** is entitled to relief in the form of compensatory damages to the statutory maximum of $300,000 due to the discrimination based on gender.

63. Soto is entitled to relief in the form of double compensatory damages due to discrimination based on gender pursuant to Laws 100 and 69 of Puerto Rico.

64. Soto is entitled to back and front pay for the age motivated illegal dismissal under the Age Discrimination Act.

65. Soto is entitled to relief in the form of double compensatory damages due to discrimination based on age pursuant to Law 100 of Puerto Rico.

66. Soto is entitled to the "mesada" pursuant to Law 80 of Puerto Rico.

67. **Arleene Mulero** is entitled to relief in the form of compensatory damages to the statutory maximum of $300,000 due to the discrimination based on gender.

68. Mulero is entitled to relief in the form of double compensatory damages due to discrimination based on gender pursuant to Laws 100 and 69 of Puerto Rico.

69. Mulero is entitled to back and front pay for the age motivated illegal dismissal under the Age Discrimination Act.

70. Mulero is entitled to relief in the form of double compensatory damages due to discrimination based on age pursuant to Law 100 of Puerto Rico.

71. Mulero is entitled to the "mesada" pursuant to Law 80 of Puerto Rico.

72. **Lilliam Canales** is entitled to relief in the form of compensatory damages to the statutory maximum of $300,000 due to the discrimination based on gender.

73. Canales is entitled to relief in the form of double compensatory damages due to discrimination based on gender pursuant to Laws 100 and 69 of Puerto Rico.

74. Canales is entitled to back and front pay for the age motivated illegal dismissal under the Age Discrimination Act.

75. Canales is entitled to relief in the form of double compensatory damages due to discrimination based on age pursuant to Law 100 of Puerto Rico.

76. Canales is entitled to the "mesada" pursuant to Law 80 of Puerto Rico.

77. **Esther Alvarez** is entitled to relief in the form of compensatory damages to the statutory maximum of $300,000 due to the discrimination based on gender.

78. Alvarez is entitled to relief in the form of double compensatory damages due to discrimination based on gender pursuant to Laws 100 and 69 of Puerto Rico.

79. Alvarez is entitled to back and front pay for the age motivated illegal dismissal under the Age Discrimination Act.

80. Alvarez is entitled to relief in the form of double compensatory damages due to discrimination based on age pursuant to Law 100 of Puerto Rico.

81. Alvarez is entitled to the "mesada" pursuant to Law 80 of Puerto Rico.

82. **Maria Viera** is entitled to relief in the form of compensatory damages to the statutory maximum of $300,000 due to the discrimination based on gender.

83. Viera is entitled to relief in the form of double compensatory damages due to discrimination based on gender pursuant to Laws 100 and 69 of Puerto Rico.

84. Viera is entitled to back and front pay for the age motivated illegal dismissal under the Age Discrimination Act.

85. Viera is entitled to relief in the form of double compensatory damages due to discrimination based on age pursuant to Law 100 of Puerto Rico.

86. Viera is entitled to the "mesada" pursuant to Law 80 of Puerto Rico.

87. Plaintiffs are also entitled to the payment of reasonable attorneys' fees, litigation costs and interest.

88. All plaintiffs are entitled to the payment of front pay in lieu of reinstatement for an amount of no less than $300,000.

**WHEREFORE**, **ARIANNE SOTO, ARLEENE MULERO, ESTHER ALVAREZ, LILLIAM CANALES, MARIA VIERA** pray that this court issue orders:

A. Determining that the defendant engaged in illegal discrimination in violation of the Civil Rights Act of 1964, as amended, the Age Discrimination Act and other applicable laws of Puerto Rico that prohibit discrimination and unjust dismissal.

B. Provide each plaintiff compensatory damages in an amount of no less than $300,000.00.

C. Award each plaintiff back pay and front pay (in lieu of reinstatement) in an amount of no less of than $300,000.

D. Award the plaintiffs the cost of this action and reasonable attorneys' fees.

E. Award the plaintiff pre-judgement interest.

F. Provide injunctive relief.

G. Grant plaintiffs such other and further relief as the Court may deem appropriate and proper.

**A JURY TRIAL IS DEMANDED.**

**RESPECTFULLY SUMITTED.**

**In San Juan, Puerto Rico this 11th day of December 2020**

*S/Maricarmen Almodóvar-Díaz*
Maricarmen Almodóvar-Díaz, Esq.
U.S.D.C.-P.R. No. 204406
P.O. Box 363871
San Juan, P.R. 00936-3871
Tel. 787-233-3306
Email: malmodovarlaw@gmail.com